## 55446. SEABOARD FIRE & MARINE INSURANCE COMPANY et al. v. ANDREWS.

SMITH, Judge.

In this workmen's compensation case, the claimant moved for a change in condition award based partially on his claim that he was suffering from a psychiatric problem diagnosed as "post traumatic neurosis" which prevented him from working. The administrative law judge in his order, which was affirmed on appeal to the full board of workmen's compensation, found as fact "that although [the claimant] may have some psychiatric problems, . . . they are not related to the job-incurred injury." The superior court remanded the case to the board for the reason that the above finding of no causal relationship was not supported by the evidence. We affirm.

1. The evidence in this case does not suggest any cause for the psychological problems except that they were induced by the on-the-job injury. The superior court correctly determined that the board's conclusion was not authorized by the evidence.

2. The appellants suggest that the award was nevertheless correct because the claimant failed to meet

his burden of proving the four elements of a change in condition: (1) A change of condition for the worse (2) rendering the employee unable to work for any employer (3) thus resulting in a total or partial loss of income (4) proximately caused by the accidental injury. *Emory University v. Cannup,* 144 Ga. App. 607(1) (241 SE2d 482) (1978). To the contrary, the record of evidence shows that there was enough evidence to support a finding in the claimant's favor as to the first three elements, and, as we held in Division 1 of this opinion, the evidence mandates a finding in his favor as to the fourth element. It may well be that the board found the evidence lacking as to one of the other three elements, and, if so, the appellants are correct in their contention that a remand would be a waste of time. On the other hand, it is just as possible that the board, after reaching its erroneous conclusion that the fourth element was lacking, never made *any* factual decision as to the other three elements. The remand will allow such a decision to be made explicitly; it will afford the claimant a full hearing of his claim; and, in the event the board agrees with the appellants' interpretation of the evidence, the appellants' position will be vindicated. The order of remand is therefore affirmed.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED MARCH 1, 1978 — DECIDED MAY 9, 1978.

*Swift, Currie, McGhee & Hiers, Charles L. Drew, John A. Ferguson, Jr.,* for appellants.
*Michael J. King,* for appellee.